UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

PUGET SOUND ELECTRICAL WORKERS
HEALTHCARE TRUST; PUGET SOUND
ELECTRICAL WORKERS PENSION TRUST;
PUGET SOUND ELECTRICAL WORKERS
401(k) SAVINGS PLAN TRUST; and PUGET
SOUND ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING TRUST,

Plaintiffs,

v.

CHAUDRY, LLC, a Washington limited
liability company,

Defendant.

Case No. 2:19-cv-02098

COMPLAINT FOR EQUITABLE
RELIEF AND FOR MONETARY
DAMAGES

## I. PARTIES

1.1     Plaintiff Puget Sound Electrical Workers Healthcare Trust (the "Healthcare

Trust") is a Taft-Hartley trust fund created for the purpose of providing eligible employees,

dependents, and beneficiaries with healthcare, vacation, and related benefits.  It maintains its

principal office in Seattle, King County, Washington.

1.2     Plaintiff Puget Sound Electrical Workers Pension Trust (the "Pension Trust")

is a Taft-Hartley trust fund created for the purpose of providing benefits for the support of

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 1
2:19-cv-02098
6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

eligible employees after retirement and/or their beneficiaries pursuant to a pension plan. It maintains its principal and administration offices in Seattle, King County, Washington.

1.3     Plaintiff Puget Sound Electrical Workers 401(k) Savings Plan Trust (the "401(k) Trust") is a Taft-Hartley trust fund created for the purpose of providing support of eligible employees after retirement and their beneficiaries pursuant to a 401(k) savings plan. It maintains its principal and administration offices in Seattle, King County, Washington. It was formerly known as the Local 46 Retirement Annuity Trust.

1.4     Plaintiff Puget Sound Electrical Joint Apprenticeship & Training Trust (the "Apprenticeship & Training Trust") is a Taft-Hartley trust fund created for the purpose of providing education benefits to eligible employees. It maintains its principal and administrative offices in Seattle, King County, Washington.

1.5     The Plaintiffs are commonly known as the Puget Sound Electrical Workers Trust Funds (the "Trust Funds").

1.7     Defendant Chaudry, LLC ("Chaudry") is a Washington limited liability company with its principal place of business in Renton, King County, Washington. Upon information and belief, Chaudry performs work within the Western District of Washington using the trade name Phaseon Solar & Electric, LLC.

## II. <u>JURISDICTION AND VENUE</u>

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 2
2:19-cv-02098
6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. FACTS

3.1     On or about September 12, 2016, Eric Washington, identifying himself as the "Owner" of Chaudry, executed a Letter of Assent with the Puget Sound Chapter, NECA ("NECA") and the IBEW Local 46 Union (the "Union").  The Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize Puget Sound Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved 9th District Sound & Communications labor agreement between the Puget Sound Chapter, NECA and Local Union 46, IBEW.  In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements.  This authorization, in compliance with the current approved labor agreement, shall become effective on the 12th day of September, 2016.  It shall remain in effect until terminated by the undersigned employer giving written notice to the Puget Sound Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

3.2     The same day, Mr. Washington, on behalf of Chaudry, executed four additional Letters of Assent, each containing the language above, but referencing instead four additional master labor agreements: Inside Construction, Light Fixture, Residential Construction, and Stockman.

3.3     Signing the Letters of Assent made Chaudry party to five master labor agreements:

- ▪ 9th District Sound & Communications Agreement between the International Brotherhood of Electrical Workers and the National Electrical Contractors Association, and Addendum to NECA/IBEW 9th District Sound and Communication Agreement, effective August 1, 2013 through July 31, 2017;

- ▪ Labor Agreement between Local Union No. 46 International Brotherhood of Electrical Workers and Puget Sound Chapter National

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 3
2:19-cv-02098

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Electrical Contractors Association, effective June 1, 2015 through May 31, 2015;

- Master Agreement for Light Fixture Maintenance Agreement, effective July 1, 2015 through June 30, 2018;

- Residential Wire Agreement by and between Puget Sound Chapter, National Electrical Contractors Association, Inc. and Local Union No. 46, International Brotherhood of Electrical Workers, effective June 1, 2015 through May 31, 2018; and

- Stockman Agreement, by and between the International Brotherhood of Electrical Workers, Local Union NO. 46 and Puget Sound Chapter National Electrical Contractors Association, effective July 1, 2015 through June 30, 2018.

3.4     Each of the Master Labor Agreements contains an evergreen clause.

3.5     Under the terms of the Master Labor Agreements, Chaudry agreed to pay fringe benefits to the Trust Funds monthly, for each hour of covered work performed by employees of the company.

3.6     The Trust Funds are beneficiaries of the Master Labor Agreements.

3.7     Pursuant to the terms of the Master Labor Agreements, Chaudry agreed to pay all fringe benefit contributions to the Trust Funds' designated administration office in Seattle, King County, Washington.   The Trust Funds' administration office collects all fringe benefit contributions and other amounts specified in the Master Labor Agreements.

3.8     Chaudry was required to provide its monthly reports and contributions payments to the plaintiff Trust Funds' administration office no later than the 15th of each month following the month in which the hours were worked.   Chaudry also agreed to pay the plaintiff Trust Funds liquidated damages, interest, attorney fees, and costs of collection for any delinquency.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 4
2:19-cv-02098
6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.9     As a signatory to the Master Labor Agreements, Chaudry agreed to the terms of the (i) Puget Sound Electrical Workers Healthcare Trust; (ii) Puget Sound Electrical Workers Pension Trust; (iii) Puget Sound Electrical Workers 401(k) Savings Plan Trust; and (iv) Puget Sound Electrical Workers Joint Apprenticeship and Training Trust; as well as other ancillary funds.

3.10     Chaudry's obligations to the Healthcare Trust are set forth in Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the Trust Agreement Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund, dated February 23, 1954, and as amended.  Under the Healthcare Trust, Chaudry agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargain agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.11     Chaudry's obligations to the Pension Trust are set forth in Article IV of the Puget Sound Electrical Workers Pension Trust, Trust Agreement, amended and restated effective January 1, 2004.  Under the Pension Trust, Chaudry agreed to among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 5
2:19-cv-02098

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

▪ Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

▪ Payment of the Trust Fund's attorney fees and costs of collection.

3.12    Chaudry's obligations to the 401(k) Trust are set forth in Article IV of the Puget Sound Electrical Workers 401(k) Savings Plan Trust, dated September 1, 2016. Under the 401(k) Trust, Chaudry agreed to, among other things:

▪ Submit its reports and payments on or before the 15th day of the calendar month following the month in which the hours were worked;

▪ Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

▪ Payment of liquidated damages of ten (10) percent on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies of twelve percent (12%) per annum; and

▪ Payment of the Trust Fund's attorney fees and costs of collection.

3.13    Chaudry's obligations to the Apprenticeship & Training Trust are set forth in Section 20 of the Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement, dated November 6, 2000.  Under the Apprenticeship & Training Trust, Chaudry agreed to, among other things:

▪ Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

▪ Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

▪ Payment of liquidated damages of ten (10) percent on all delinquent contributions or twenty-five dollars ($25.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 6
2:19-cv-02098

6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

delinquent contributions, with accrued interest on all delinquencies at twelve (12) percent per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.14    Each of the trust agreements contain clauses which require signatory employers such as Chaudry to submit to an audit by the Trust Funds of the company's payroll and related business records.

3.15    Following execution of the collective bargaining agreements, Chaudry hired union workers subject to the scope of the agreements and began the monthly reporting and payment of contributions to the Trust Funds.

3.16    Chaudry has not terminated the Labor Agreement.

3.17    In 2019, Chaudry was selected for a routine audit of its payroll and related business records in order to determine whether the company had properly reported and paid fringe benefit contributions to the Trust Funds for the period January 1, 2017 through June 30, 2017.  The Trust Funds' auditor requested documents from the company for review and to allow for the auditor to conduct the audit.  Chaudry did not comply with the auditor's request for documentation and this matter was subsequently referred to counsel.

3.18    On October 29, 2019, counsel made written demand upon Chaudry for compliance with the auditor's request for payroll and related business records.  Chaudry did not respond.

3.19    On November 13, 2019, counsel made a second written demand upon Chaudry for compliance with the auditor's request for payroll and related business records. Chaudry did not respond to the second demand.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 7
2:19-cv-02098
6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.20    As of the date of this complaint, Chaudry has not complied with the Trust Funds' auditor and has not produced any payroll and related business records for review.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.20, above.

4.2    Chaudry's actions and inaction constitute a breach of the terms of the labor and trust agreements between the Union and Chaudry, to which the Trust Funds are beneficiaries and/or parties.

4.3    As a result of Chaudry's breaches, the Trust Funds have been damaged in an unknown amount to be proven at trial.

### Second Cause of Action
### (Violation of ERISA)

4.4    The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.20, above.

4.5    Chaudry's actions and inaction constitutes a violation of §515 ERISA, codified at 29 U.S.C. §1145, and also gives rise to claims for equitable relief under §502(a)(3) ERISA, codified at 29 U.S.C. §1132(a)(3).

4.6    As a result of Chaudry's actions and inaction, the Trust Funds have been damaged in an unknown amount to be proven at trial.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 8
2:19-cv-02098
6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## V.  **REQUESTED RELIEF**

The Plaintiff Trust Funds respectfully request the Court grant the following:

A.    Entry of an order compelling Chaudry to comply with the Trust Funds' audit, including but not limited to the production of payroll and related documents previously requested by the auditor;

B.    If the auditor concludes Chaudry has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for the past-due and delinquent fringe benefit and other contributions owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which Chaudry is a party;

C.    If the auditor concludes Chaudry has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for any liquidated damages owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which Chaudry is a party;

D.    If the auditor concludes Chaudry has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for the accrued prejudgment interest owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which Chaudry is a party;

E.    An award of reasonable attorney fees not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Chaudry is a party, and as authorized under ERISA; and

F.    Any other such relief under federal law or as is just and equitable.

Dated: December 30, 2019.

s/  Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for Plaintiffs
Puget Sound Electrical Workers Trust Funds

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 9
2:19-cv-02098
6900 027 ul231901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900