UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHAUDRY LLC, <br><br> Defendant. | C19-2098 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on the Motion of Plaintiffs Puget Sound Electrical Workers Healthcare Trust, Puget Sound Electrical Workers Pension Trust, Puget Sound Electrical Workers 401(k) Savings Plan Trust, and Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement (collectively, "Plaintiffs" or "Trust Funds") for Entry of Default Judgment against Defendant Chaudry, LLC, docket no. 9. Having reviewed Plaintiffs' Motion, the supporting documents, and the remainder of the record, the Court hereby enters the following Order.

**Discussion**

On May 22, 2020, the Court granted Plaintiffs' Motion for Default against Defendant for failure to file an answer or otherwise plead in defense of this action. Docket no. 8. Plaintiffs now request (1) an order compelling Defendants to submit

ORDER - 1

payroll and related business records as set forth in the applicable trust agreements for an audit; (2) that the Court retain jurisdiction to enter an amended judgment upon determination of the total amount owed by Defendant; and (3) an award of attorney's fees and costs.

Plaintiffs have alleged a cause of action under ERISA (Complaint, docket no. 1 at ¶¶ 4.4-4.6) and have properly established subject matter jurisdiction and venue in this Court. *Id.* at ¶¶ 2.1-2.2. Due to Defendant's default, the Court takes as true the well-pleaded facts in Plaintiff's Complaint. *See LHF Prods., Inc. v. Holmes*, 2018 WL 3742189, at *2 (W.D. Wash. Aug. 7, 2018) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Defendant Chaudry signed letters of assent which bound the company to master labor agreements with Plaintiffs. *Id.* at ¶¶ 3.2-3.2. Under each of the master labor agreements, Chaudry agreed to pay fringe benefits to the Trust Funds, beneficiaries of the master labor agreements, monthly for each hour of covered work performed by the employees of the company and to cooperate with an audit of its payroll and related business records by the Trust Funds. Exs. 12-15 to Pelletier Decl., docket no. 10; Complaint, docket no. 1 at ¶¶ 3.5-3.6. Chaudry also agreed to pay attorney fees and costs of collection as part of the agreements. Complaint, docket no. 1 at ¶¶ 3.10-3.13.

Under ERISA, trust funds such as Plaintiffs have a fiduciary duty to participants and beneficiaries to undertake audits of employers to ensure proper reporting and payment of contributions. *See Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc*., 472 U.S. 559, 105 (1985). In September 2018, the Trust

ORDER - 2

Funds attempted to such an audit of Chaudry's payroll and business records for the period of January 1, 2017 through June 30, 2017. Complaint, docket no. 1 at ¶ 3.17. Chaudry did not produce the requested records and failed to respond to the Trust Funds repeated requests. Vaughn Decl., docket no. 11 at ¶¶ 2, 5-8. As a result, the Trust Funds filed the present action on December 30, 2019.

The Court has authority to enter a default judgment against Defendant Chaudry based on the Clerk's entry of default, docket no. 8, and pursuant to the Federal Rule of Civil Procedure 55. The Court has been provided sufficient evidence to determine liability and the amount of damages claimed. Fed. R. Civ. P. 55(b)(2). The Court also determines that the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weigh in Plaintiffs' favor.

Accordingly, the Court GRANTS default judgment against Defendant Chaudry.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiffs' Motion for Entry of Default Judgment against Defendant Chaudry, LLC, docket no. 9, is GRANTED.

(2) Within twenty-one (21) days of entry of this Judgment, Defendant Chaudry, LLC is ORDERED to provide for the period January 1, 2017 through June 30, 2017, the following documents to Plaintiffs' counsel or their auditor: (i) payroll summaries by month; (ii) time-by-name reports ran for the entire testing period; (iii) timecard summary reports by month; (iv) timecards and timesheets by week; (v) a job list, including addresses for all jobs in Washington State; (vi) state Quarterly Unemployment Insurance

1 Reports for all quarters within the testing period, including the "941" report and excise

2 tax reports; (vii) an employee list, including complete job title and Local number (if

3 applicable) for union and non-union employees, as well are hire and termination dates for

4 each employee on the State Quarterly Unemployment Insurance Reports; and

5 (viii) other trade/craft remittances for other union employees for each trade and each

6 month in the testing period;

7   (3)   The Court retains jurisdiction over this matter.  In the event Plaintiffs find

8 discrepancies with Defendant's reporting of fringe benefit contributions in any

9 subsequent audit, the Plaintiffs shall promptly move to reopen the case and amend their

10 complaint;

11   (4)   Plaintiffs are AWARDED attorney fees of $5,701.00 and costs of $524.00

12 pursuant to 29 § U.S.C. 1132(g) for a total current award of $6,225.00;

13   (5)   In addition, Plaintiffs' claimed attorney's fees and costs will continue to

14 accrue.  Plaintiffs will be required to support those amounts with evidence upon audit

15 completion and further briefing to this Court; and

16   (6)   The Clerk is directed to enter Judgment consistent with this Order and to

17 CLOSE the case.

18   IT IS SO ORDERED.

19   Dated this 13th day of August, 2020.

              _____
              Thomas S. Zilly
              United States District Judge

ORDER - 4